## EMIGH *v.* WHITELEY.

REFORMATION OF INSTRUMENTS—EVIDENCE—SUFFICIENCY.
 On a bill to reform a lease, evidence examined, and *held*, that the stipulation therein concerning the use of the adjoining property was entered into in full knowledge of all parties and without fraud on complainant's part.

Appeal from Ingham; Wiest, J. Submitted January 20, 1905. (Docket No. 92.) Decided May 12, 1905.

Bill by Glenn T. Emigh against Elizabeth Whiteley and Nellie M. Zimmerman to correct certain descriptions in a lease, and for an accounting. From a decree for complainant, defendants appeal. Affirmed.

*Q. A. Smith* and *O. J. Hood*, for complainant.

*Jason E. Nichols*, for defendants.

McALVAY, J. Complainant filed his bill of complaint in this cause, asking to correct certain mistakes made in the descriptions of certain property mentioned and described in a certain written lease made and entered into between the parties, September 16, 1901, and for an ac-

counting with the defendants on account of damages he has suffered by reason of nonperformance by said defendants of the terms and conditions of said contract of leasing, and their failure to keep the covenants therein contained. Defendants were the owners of the store building and the land upon which it was situated in the city of Lansing, known as No. 221 Washington avenue south, and also owners of the undivided one-half of the store building next adjoining said property on the south, and known as No. 223 Washington avenue south. One Philo Daniels, since deceased, was the owner of the other one-half interest of said last-described premises. The claimed mistake sought to be corrected is that property No. 221, above mentioned, is described in the lease as No. 217, and property No. 223 is described as No. 219.

At the time of making the lease in dispute complainant was occupying the premises first above described, under a lease for one year, for a billiard parlor. Under this lease complainant's term would expire July 1, 1902. Philo Daniels had charge of the matter of renting the store building and premises No. 223. These premises had been occupied as a furniture store by Longyear Bros. under a lease that would expire in June, 1902. They vacated in August, 1901, and by agreement with Daniels one Marsh was given possession of the unexpired term. Marsh then put in a billiard parlor. Complainant claims that this competition was of great damage to his business, and that he complained to defendants and threatened to move out; that negotiations were had between these parties, and finally it was agreed between them that, in consideration defendants would give him a lease for a term of three years from and after July 1, 1902, the date of the expiration of his old lease, and would not lease No. 223 for a billiard hall, he would pay $10 per month more rent, making $50 a month, make all necessary repairs upon the building, papering and painting included, upstairs as well as downstairs, and pay the expense of painting the outside of the building; also that he would erect a brick or iron building

in the rear at his own expense, said building to belong to defendants at the expiration of the lease; and that towards the expense of a new steel ceiling to be put in the store he would pay the balance over $100. Complainant claims that this is the lease that was in fact executed, and that under it, at an expense of $300, he built the addition as agreed, and has done and performed in all things as required by its terms. He further claims that defendants continually, since the 1st of July, 1902, have rented or permitted to be rented premises No. 223 to be occupied and used as a billiard hall, and received their rent therefor, notwithstanding their written agreement not to do so, and that he has been greatly damaged thereby. The defendants admit the execution of the lease, and that there is a mistake in the description of the two properties mentioned, and do not object to a correction in that regard, but they claim that the clause in said lease, "Parties of the first part agree not to rent building No. 219 as a billiard hall," was procured by complainant through fraud, by misrepresentation of what Daniels had told him. They admit that Daniels has rented No. 223 for a billiard hall, and they have ever since received their share of the rent, but claim they have personally had nothing to do with the renting.

It being admitted that the mistake in the descriptions should be corrected, it only remains for this court to determine the question of fact as to the clause above quoted. As there is no question of law involved, an extended discussion of the testimony can be of no interest to the profession. We find from the proofs in the case that the lease was entered into by all the parties with full knowledge of all its terms and conditions, and that no fraud or misrepresentation was in any way practiced upon defendants, or either of them, to induce them to make such a contract, or any part of it; that the clause in question was inserted by and with the full consent and knowledge of all parties. We also find, as is admitted in the record, that there was a mutual mistake in the descriptions of the properties in

said lease.   The matter of the accounting is not urged before us.

The decree of the circuit court is affirmed, with costs.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.